■ IRVING KESSLER, Appellant-Respondent, v. ESTELLE KESSLER, Respondent-Appellant.— In an action by plaintiff husband for separation, in which the defendant wife counter-claimed for a separation, the parties cross-appeal as follows from portions of a judgment of the Supreme Court, Queens County, entered July 30, 1962 upon the decision of the court, after a nonjury trial, which (a) denied both parties a separation; (b) granted defendant custody of their three minor children; (c) granted plaintiff certain visitation rights; (d) directed plaintiff to pay defendant $105 a week for the children's support, allocated at $35 a week for each child; and (e) denied defendant alimony and additional counsel fees: (1) Plaintiff appeals from so much of the judgment as directed him to make said payments and as provided that the visitation rights are to be exercised in part in defendant's home in Hartford, Connecticut. (2) Defendant appeals from the judgment insofar as it: (a) directed said payments to be made; (b) denied defendant an additional counsel fee; (c) failed to require plaintiff to give notice of his intention to visit the children; and

(d) failed to require plaintiff to pay for the children's medical costs and expenses. Judgment modified on the facts, by striking out from the sixth decretal paragraph the provisions fixing the amount of the weekly payments at $105, allocated at $35 a week for each child; and by substituting therefor provisions fixing the amount of the weekly payments at $90, allocated at $30 a week for each child. As so modified the judgment is affirmed, without costs. In our opinion, the amount fixed for the support of the children was excessive. Under all the circumstances plaintiff should pay the sum of $30 for the support, maintenance and education of each of the three children. Finding of fact No. 8 is modified accordingly. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.